HALL, Judge.
The appellant Terrell Nichols appeals the final judgment of dissolution of his marriage to the appellee Vera Nichols. He contends the trial court erred in its mathematical calculation of lump sum alimony, in failing to include a transfer to him of the appellee’s interest in Nichols Hydraulics, Inc., including the land, buildings, and improvements considered a part thereof, and in failing to determine his ability to pay permanent periodic alimony and the appel-lee’s need therefor. We find no merit in this last point.
We agree with the contention regarding the calculation of lump sum alimony. It appears from an examination of the final order that the trial judge awarded this alimony to the appellee in an attempt to equalize the assets of the parties through equitable distribution. However, the amount of lump sum alimony awarded appears to be in error as it exceeds one half of the parties’ assets.
We do not need to reach the issue of the transfer of Nichols Hydraulics, Inc. because the appellee agrees she previously stipulated to that transfer.
In the interest of judicial economy, we have chosen to address the appellee’s cross-appeal despite the fact it was not properly briefed. Fla.R.App.P. 9.210. The appellee contends that the trial judge erred in ordering a distribution of corporate property when the corporation is not a party to the suit. We agree. In the event the appellant is unable to persuade the corporation to transfer title to this property to the appellee, we direct the trial court to award the appellee further means sufficient to effect the intended scheme of equitable distribution.
We affirm the final judgment in all respects except as set forth herein. Reversed and remanded with directions consistent herewith.
CAMPBELL, A.C.J., and ALTENBERND, J., concur.